John J. GAUDION, Appellant,

v.

Prudence O. GAUDION, Appellee.

No. 13139.

Court of Civil Appeals of Texas, Austin

June 25, 1980.

Rehearing Denied July 16, 1980.

Terral R. Smith, Schaubhut & Smith, Austin, for appellant.

James W. George, George & George, Austin, for appellee.

SHANNON, Justice.

Appellee Prudence Oleta Gaudion and appellant Colonel John Joseph Gaudion were divorced on August 8, 1979, by order of the district court of Travis County. The judgment granted the divorce, appointed conservators for the couple's minor son, ordered appellant to pay child support, and divided the property of the parties.

Appellant does not complain of those parts of the judgment granting the divorce, appointing conservators for the child, and ordering appellant to pay child support. Appellant does complain of that part of the judgment awarding to appellee forty percent of the military retirement benefits presently being received by appellant.

Appellant entered the United States Air Force in Oregon in 1951. In 1952, appellant was assigned for duty to Bergstrom Air Force Base at Austin, Texas. The parties married in September, 1954, in Austin. Thereafter, the parties lived in various parts of this country and the world. The parties were divorced in 1967 by order of the district court of Travis County, Texas. The 1967 divorce decree did not mention the military retirement benefits that might be received upon appellant's retirement. The parties remarried one another in 1970 and

remained husband and wife until August, 1979, when the present divorce judgment was entered. Between 1967 and 1970 neither party married any other person.

On December 31, 1978, appellant retired from military service. Thereafter, appellant received a monthly retirement payment from the United States Air Force.

Appellant's first point of error is that the district court erred in awarding appellee any interest in the military retirement benefits that accrued prior to 1965, the date appellant claims that he changed his domicile from Oregon to Texas.[1] Appellant's argument, in brief, follows:

> Appellant, as a military man, remained a domiciliary of Oregon until he became a domiciliary of Texas in 1965. The character of the retirement benefits that accrued when he was domiciled in Oregon became fixed in accordance with Oregon law. Oregon is a common law property state, and accordingly, the retirement benefits that accrued before 1965 were his separate property. Because a divorce court in Texas is not empowered to divest a spouse of separate property, realty or personalty, *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977); *Campbell v. Campbell*, 23 Tex.Sup.Ct.J. 391 (June 7, 1980), the court erred in apportioning to appellee any interest in the retirement benefits that had accrued before 1965.

■ Appellant's argument is not in accord with the Texas cases. Although appellant emphasizes his Oregon *domiciliary* as being determinative of the character of the retirement benefits, the courts that have considered the problem have looked to beneficiary's *residence* at the time the retirement benefits accrued. *Gaulding v. Gaulding*, 503 S.W.2d 617 (Tex.Civ.App.1973, no writ); *Wilson v. Wilson*, 507 S.W.2d 916 (Tex.Civ.App.1974, no writ); *Mitchim v. Mitchim*, 509 S.W.2d 720 (Tex.Civ.App. 1974), *rev'd on other grounds*, 518 S.W.2d 362 (Tex.1965). That part of the retirement

benefits that accrued during the parties' marriage when they resided in a common law state is the serviceman's separate property. Conversely, the part of the retirement benefits earned during the marriage when the parties resided in a community property state is community property.

■ Appellant was receiving retirement benefits when appellee filed the divorce suit. Those benefits were presumptively community since all property possessed by either spouse at the dissolution of marriage is presumed to be community property, Tex. Family Code Ann. § 5.02 (1975). It was appellant's burden to rebut the presumption of community. *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex.1965).

Appellant made no effort to rebut the presumption of community by proving that part, or all, of the retirement benefits earned prior to 1965, accrued in common law states. Instead, appellant sought to prove only his Oregon domiciliary. Accordingly, the district court did not err in treating the retirement benefits as community and dividing such in a manner that it deemed just and right. Tex.Family Code Ann. § 3.63 (1975).

Appellant's other point is that the district court erred in entering judgment that appellee take any interest in the military retirement benefits because to do so violates the Supremacy Clause of the Constitution of the United States. Appellant relies primarily upon *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979). In *Hisquierdo*, the United States Supreme Court held that California community property law was preempted by the express terms of the Railroad Retirement Act, particularly by the Anti-attachment Clause, 45 U.S.C. § 231m (1972). Section 231m provides that the retirement benefits shall not be subject to any "legal process under any circumstances whatever nor shall the payment thereof be anticipated."

---

1. Neither party contended that the parties owned the retirement benefits that accrued before the first divorce as tenants in common.

Appellant suggests that 10 U.S.C. § 1440, like 45 U.S.C. § 231m in *Hisquierdo*, preempts Texas law in the case of military retirement benefits. Section 1440 provides that "no annuity payable *under this subchapter* is assignable or subject to execution, levy, attachment, garnishment, or other legal process." (Emphasis added).

█ Appellant's point is not meritorious. Sections 1431–1446 comprise the subchapter that sets out the Retired Serviceman's Family Protection Plan. Section 1440 applies to benefits or annuities that may be received by *beneficiaries* of a retired military person. Section 1440 does not apply to appellant, the employee-spouse, but instead only to his designated beneficiaries. The benefits here under consideration are those payable to the retired serviceman. The point is overruled.

The judgment is affirmed.

PHILLIPS, C. J., not sitting.