**Antonie Joseph PEISSEL, Appellant,**

**v.**

**Tina Marie PEISSEL, Appellee.**

**No. B2651.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 29, 1981.

William E. Hamilton, Houston, for appellant.

Thomas B. Foster, Jr., and B. Jeff Bratton, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

Antoine Joseph Peissel appeals from the trial court's judgment entered in favor of Tina Marie Peissel. We affirm.

The parties in this suit were divorced February 8, 1979. The agreement for division of community property incorporated into the decree provided that in order to equalize the division of the community estate Antoine Joseph Peissel, the appellant herein, would pay to Tina Marie Peissel, the appellee herein, the sum of $60,000.00. Said sum was to be paid at the monthly rate of $1,000.00 with the first payment due March 1, 1979. The decree further provided if any payments were not made by Mr. Peissel within 15 days after the due date, Mrs. Peissel could at her option, accelerate the entire balance outstanding. The decree also provided:

"In the event that Husband's business known as Northgate Mobile Homes, Inc. or successor entities, ceases to continue as a commercially successful endeavor as measured by its past performance, or if Husband becomes permanently disabled, Husband's obligation to make monthly payments shall abate for the period of financial or personal disability, but not to exceed 6 months during the term of these payments."

Mr. Peissel timely made the first three payments (March, April and May of 1979) but failed to make any further payments. Mrs. Peissel brought this suit July 30, 1979 to accelerate the balance of the payments due. The trial court, without a jury, entered its judgment October 17, 1980, awarding Mrs. Peissel the balance due ($57,-000.00), attorney's fees ($3,500.00) and post-judgment interest on all the foregoing, said interest to begin October 6, 1980. It is from this judgment Mr. Peissel has brought forth this appeal.

Appellant's first and third points of error contend the trial court erred in granting acceleration of the balance due prior to the time appellant was in actual default. Appellant asserts that acceleration was improper because the appellant's place of business ceased to function as a commercially successful endeavor in June of 1979 thereby triggering the six month abatement period. Appellant further points out the trial judge specifically held in the findings of fact that, "Northgate Mobile Homes, Inc. did not operate as a commercially successful endeavor from June 1, 1979, to December 1, 1979." Appellee argues the trial judge was correct in ordering acceleration of the entire balance of the obligation, however, the trial judge erred in his finding of fact which held the appellant's business ceased to operate as a commercially successful endeavor.

 Upon examination of the entire record we find the trial court correctly ordered acceleration of the balance due. The divorce decree provided that Mrs. Peissel could accelerate the remaining balance within 15 days after Mr. Peissel failed to timely make any payment, and the right to a six month abatement existed only if Mr. Peissel's business ceased to become commercially successful or if he became permanently disabled. Mr. Peissel timely tendered the first three installments and then failed to make any further payments. The first due date not met was June 1, 1979. Mrs. Peissel filed suit July 30, 1979, some 45 days after the 15 day waiting period. Even though Mr. Peissel's business was not operating as a commercially successful endeavor at the time suit was filed, Mrs. Peissel was not premature in her filing of this suit as the fifteen day waiting period had long passed. The right of abatement was a defense to the option to accelerate and did not act as a bar to filing suit. The manner in which the decree was drafted relating to the installment payments dictates that notwithstanding the condition of Mr. Peissel's business or health, that *after* the six month abatement acceleration would be a proper remedy if the next payment due was not timely made. Therefore by filing this suit after the initial 15 day waiting period, Mrs. Peissel placed the burden on Mr. Peissel to overcome her right to acceleration. In the case at bar, and as previously alluded to herein, this suit was filed by July 30, 1979, well after the 15 day waiting period from the June 1, 1979 payment which was not

made. The trial of this case occurred October 6, 1980, and at that time the trial judge in his finding of fact found that Mr. Peissel's business was not commercially successful from June 1, 1979 to December 1, 1979. Additionally, the trial judge found Mr. Peissel made no payments from June 1, 1979 through October 6, 1980. The six month abatement period, which ended December 1, 1979 had long passed prior to the October 17, 1980 judgment date. Consequently, the suit was not prematurely filed nor was judgment prematurely rendered, as Mr. Peissel was in default as of December 1, 1979. Appellant's points of error one and three are overruled.

■ Appellant's second point of error contends the trial court erred in excluding testimony relating to Mr. Peissel's offer to make partial payments. In support of this contention, the appellant asserts such evidence would have been material and relevant to the case. An examination of the statement of facts reveals only one reference to partial payments. This occurred during direct examination of the appellant by appellee's counsel, as follows:

"Q: Do you recall the deposition taken in my office, Mr. Peissel, on or about July 18th wherein certain questions were asked you in front of a court reporter, sir?

A: Yes, sir.

Q: All right. Mr. Peissel, the question was asked you whether you had made any payments to your wife since May the 6th of 1979. Do your recall that question sir?

A: Yes, sir.

Q: All right. And your answer at that time was 'no'. Is that your answer today, sir?

Appellant's Counsel: I would object to that question in that since the suit has been filed that it would be immaterial as to whether or not there have been any payments made or not made.

The Court: Overruled.

The Witness: I have offered to make payments—partial payments.

Appellee's Counsel: Objection, Your Honor.

The Court: Sustained. Did you understand the question?

The Witness: Yes.

The Court: Answer the question.

Q: The question could be answered yes or no. Have you made a payment to your wife since the deposition was taken on July 18th?

A: No sir."

No other evidence relating to partial payments appears in the statement of facts. Appellant contends the trial judge excluded the evidence of partial payments by sustaining counsel for appellant's objection, as hereinabove set out. It is obvious the trial judge by sustaining the objection so ruled because the answer being objected to was not responsive to the question asked. The question related to whether or not Mr. Peissel had answered "no" to a question asked at the deposition proceeding inquiring as to whether Mr. Peissel had made any payments since May 6, 1979. Instead of answering "yes" or "no", Mr. Peissel attempted to answer with a statement relating to partial payments. This clearly was not responsive to the question asked, and for that reason the trial judge sustained the objection. The testimony was not excluded based on its relevancy to the case, but rather on its applicability and responsiveness to the question asked. We overrule appellant's second point of error.

Appellant's fourth and fifth points of error contend the trial court erred in ordering appellee's attorney's fees to be paid by appellant. Appellant argues the pleadings do not support this finding and there existed no valid claim against appellant at the time this suit was filed thereby preventing recovery of reasonable attorney's fees pursuant to Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1980–1981). In relevant part art. 2226 provides:

"Any person, ... having a valid claim against a person or corporation for ... suits founded on oral or written contracts, may present the same to such persons or corporation ... and if, at the

expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees."

For the reasons that follow, we hold the trial court was correct in its judgment awarding appellee attorney's fees. Appellee made presentment of her claim to appellant by a letter dated July 6, 1981. This suit was filed July 30, 1979, but the trial was not until October 6, 1980. Therefore thirty days expired after notice of the claim before the case actually went to trial. The rule in Texas is presentment of the claim must be made at least 30 days before trial, even if made after the suit is filed. *Sterling Construction Company, Inc. v. West Texas Equipment Company, Inc.*, 597 S.W.2d 515 (Tex.Civ.App.–1980, no writ); *El Paso Moulding and Manufacturing Co. v. Southwest Forest Industries, Inc.*, 492 S.W.2d 331 (Tex.Civ.App.–El Paso 1973, writ ref'd n. r. e.). Therefore, notice was timely presented to appellant. As to the "valid claim" that article 2226 requires, we have already found appellee did have a valid cause of action at the time this suit was filed and therefore this requirement was met. The article further requires the fee to be reasonable. The trial court, in the judgment, held the following was a reasonable fee for appellee:

"[A]ttorney's fees in the sum of $3,500.00, for legal service rendered on behalf of Petitioner to the trial court, an additional $2,500.00 if said cause is appealed to the Court of Civil Appeals and an additional $3,500.00 if said cause is appealed to the Supreme Court of the State of Texas, which the court finds to be reasonable . . . ."

In light of the record, the amount in controversy and complexity of this case, we find the trial judge was correct in his judgment ordering attorney's fees to be paid in the amounts so ordered. *International Security Life Insurance Company v. Spray et vir*, 468 S.W.2d 347 (Tex.1971); *Knopf v. Standard Fixtures Company Inc.*, 581 S.W.2d 504 (Tex.Civ.App.–Dallas 1979, no writ).

Appellee, in his second crosspoint, has brought to this court's attention that in addition to the nine percent post-judgment interest awarded on the $57,000.00 judgment from October 17, 1980, the judge should also have awarded to appellee six percent pre-judgment interest on the $57,-000.00 from August 30, 1979 until October 6, 1980. This claim is based on Tex.Rev.Civ. Stat.Ann. art. 5069–1.03 (Vernon Supp. 1980–1981), which states:

"When no specified rate of interest is agreed upon by the parties, interest at the rate of six per cent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable."

In her original petition appellee prayed for pre-judgment interest from July 31, 1979. We find pre-judgment interest should have been assessed, however, not at the time appellee asserts. Art. 5069–1.03 clearly states the pre-judgment interest is to run thirty days after the sum is due and payable. We have already found that Mr. Peissel was in default December 1, 1979, therefore, pre-judgment interest should have been assessed from January 1, 1980 up to October 17, 1980 at the rate provided in art. 5069–1.03. This court's decision, in so ordering pre-judgment interest to be paid, is clearly in accord with the following rule of law stated by the Texas Supreme Court in *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480 (1978):

"When a definite sum of money is determined to have been due and payable at a date certain prior to judgment, the legal rate of interest has been allowed thereon from such date to the date of judgment. [citations] We believe this to be the more reasonable rule for fully compensating one whose money has been detained by another."

*Id.* at 488, 489.

Accordingly, we overrule all of appellant's points of error and affirm and modify the judgment of the trial court.