**Ex parte Lawrence DECKARD.**

**No. 08–83–00111–CV.**

Court of Appeals of Texas,
El Paso.

June 22, 1983.

Michael R. "Mickey" Milligan, El Paso, for relator.

Gerald B. Shifrin, El Paso, for respondent.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an original proceeding in habeas corpus. We remand the Relator to the custody of the Sheriff of El Paso County, Texas.

On March 28, 1972, Relator and his wife were divorced. The decree awarded her $100.00 per month of the husband's military retirement beginning March 1, 1972. That judgment was not appealed. On April 15, 1983, the wife's motion for contempt was heard. Relator was found in contempt for his willful failure to pay the monthly sum upon twenty-two occasions, from July 1, 1981, through April 1, 1983, and was assessed thirty days confinement.

█ In three points of error Relator challenges the specificity of the order in the divorce decree, confinement for debt and the validity of the divorce judgment following *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Appellant's third point urged that that portion of the divorce judgment which divided Appellant's military retirement benefits was void and subject to his collateral attack. He relied on the retroactive application given to McCarty, supra, in this Court's opinion in *Ex Parte Acree,* 623 S.W.2d 810 (Tex.App.—El Paso 1981, no writ). Upon argument Relator conceded that *Segrest v. Segrest,* 649 S.W.2d 610 (Tex.1983), is controlling on this point. Although not involving contempt Segrest has impliedly disapproved our earlier retroactive application of McCarty, and is dispositive of the third point. Segrest held that McCarty does not command retroactive application as to divorce decrees which were final before the Supreme Court announced its decision and which treat military retirement benefits as community property. Relator's third point is overruled.

█ In regard to Relator's first two points, he argues that the decree awarded a money judgment but did not specifically order him to pay the monthly sum. He urges the contempt confinement violates

due process. We disagree. The instant decree is akin to that reviewed in *Ex Parte Anderson*, 541 S.W.2d 286 (Tex.Civ.App.—San Antonio 1976, no writ). The decree here is even more specific with regard to Relator's personal obligation to make payment. It not only relates the source of the ex-wife's interest, that is, Relator's military retirement benefits, but it also orders that she have "the sum of $100.00 per month *from* (emphasis added) Respondent, commencing March 1, 1972." Thus while the original source is designated as his military retirement account, the specific monthly payment source ordered by the court is "from" the Relator. The decree provided by order for affirmative action on Relator's part to pay to his former wife a sum certain, at specified times, representing her interest in retirement benefits which had vested. The decree is sufficiently specific and clear for enforcement by contempt and the order does not constitute imprisonment for debt. Points One and Two are overruled.

We remand Relator to the custody of the Sheriff of El Paso County, Texas.