**William R. ANDERSON, Jr., Appellant,**

v.

**Opal Marie ANDERSON, Appellee.**

**No. 13–85–158–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1986.

Rehearing Denied March 20, 1986.

George Ann Harpole, Corpus Christi, for appellant.

Pat Morris, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Upon divorce, the parties entered into an agreed Property Settlement Agreement (PSA), and agreed Divorce Decree which incorporated by reference the PSA. Appellee sought to enforce the decree with regard to appellant's military retirement benefits. The trial court awarded appellee one-half of the accrued and future military retirement benefits received or receivable by appellant, plus attorney's fees, which resulted in this appeal.

The parties were married on September 14, 1946, and divorced June 21, 1971. Appellant served on active duty with the United States Army from July 6, 1942, to July 30, 1946, then served in the Army Reserve from May 16, 1942 to July 5, 1942, and July 31, 1946 to July 30, 1963, with an additional year credited to June 30, 1964. At the time of divorce, Mr. and Mrs. Anderson entered into an agreed Property Settlement Agreement and Divorce Decree which, among other things, divided appellant's military retirement benefits. In 1983, two years after appellant became eligible to receive benefits, appellee sought enforcement of the decree by contempt, and asserted breach of contract, fraud, and breach of fiduciary duty. Appellant counterclaimed with a declaratory judgment action seeking to limit appellee's share of his retirement pay to one-half of her community property interest valued at the time of divorce.

Appellant brings three points of error, claiming: (1) the trial court erred in awarding appellee one-half of his retirement benefits based on present and future values instead of being valued at the date of divorce "as directed by the Supreme Court of Texas in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983);" (2) the trial court erred in not limiting appellee's entitlement to her "community property" interest in appellant's retirement pay, valued at the date of divorce, in accordance with the provisions of the divorce decree; and (3) the trial court erred in awarding appellee attorney's fees.

Appellant's first point of error questions the value of the benefits awarded; his second point examines the *extent* of the benefits awarded to appellee. In determining whether the trial court awarded appellee her proper share of appellant's retirement benefits, we must first examine the exact words of the Property Settlement Agreement. The PSA, in pertinent parts, reads as follows:

II.

William Robert Anderson, Jr. does hereby relinquish all of his interest in the

community property heretofore owned by the Petitioner and the Respondent and hereinafter identified in this Section II of this agreement; and the Petitioner and Respondent do each agree that the Respondent, Opal Marie Anderson, shall have and be awarded *as her separate property and estate each and all of the following properties as her full and complete share* of all of her rights, claims and demands in and to all community property owned by the Petitioner and the Respondent *and in complete settlement of all her rights, claims and demands of accounting with reference to such community property;*

(f) *One-half interest* in U.S. Army Reserve Retirement of William R. Anderson, Jr., said interest payable at the said William R. Anderson, Jr. attaining age 60. [Emphasis added.]

The portion of the agreed Divorce Decree which appellee sought to enforce reads as follows:

IT IS THEREFORE ACCORDINGLY ORDERED, ADJUDGED AND DECREED by the Court that the Property Settlement Agreement hereto attached and marked Exhibit "A" and made a part hereof for all intents and purposes, heretofore made and entered into by and between Petitioner and Respondent, be and the same is hereby approved, adopted and ordered entered as the Judgment of this Court.

Further, in accordance with said attached agreement, should Respondent, Opal Marie Anderson for any reason be unable to collect her separate property one-half interest in United States Army Reserve Retirement referred to in the attached agreement which becomes payable when Petitioner attains age sixty (60), from the appropriate governmental disbursing officer, *and the full amount of said retirement is paid to Petitioner, then Petitioner shall and may only accept the same in a fiduciary capacity to the extent of one-half thereof for the benefit of Respondent, and Petitioner is hereby ordered and required, as each such payment is received, to forthwith im-* *mediately remit to Respondent her said one-half of said retirement benefits as they are paid to him.*

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that each of the parties hereto fully carry out the terms, provisions, intents and purposes of the attached settlement agreement. [Emphasis added.]

Appellee was awarded one-half of appellant's retirement benefits which he received from December 1981 (the effective date of his retirement), to the date of trial, and one-half of those received or receivable in the future. Appellant claims that the award should be determined by the amount he was eligible to receive as of the date of divorce, citing *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983).

The main question is whether the benefits were to be *valued* as of the divorce date. At the time of divorce (June 21, 1971), appellant would have received $273.79 per month had he been eligible to receive benefits; when he became eligible for benefits (i.e., December 1981, when appellant reached 60 years of age), he began actually receiving $530.42 per month. Appellant claims that appellee is only eligible to receive a percentage of benefits as valued at divorce and only that percentage earned during marriage, in accordance with the formula outlined in *Berry*. We disagree. As appellant notes, *Berry* was a post-divorce suit for partition in which the husband worked an additional twelve years after divorce, resulting in increased retirement pay.

This is not a post-divorce partition suit, nor did Mr. Anderson work any extra years in the military after divorce; he was merely waiting to live ten more years to collect on what had already accrued in his behalf.

*Segrest v. Segrest*, 649 S.W.2d 610 (Tex. 1983), *cert. denied*, 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983), controls the disposition of appellant's first point of error. In *Segrest*, the divorce decree incorporated a property settlement agreement which treated military retirement benefits

as part of the community estate of the parties. The Supreme Court held that the United States Supreme Court decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), that military retirement benefits are not divisible as community property in state court, did *not* require retroactive application as to divorce decrees which were final *prior* to the announcement of that decision and which treated military retirement benefits as community property. The Court also held the divorce decree may have been erroneous or voidable, but not void; thus, the rule of res judicata was applicable and a declaratory judgment suit was an improper and impermissible attack on the final decree of divorce.

█ In this case, the divorce was final in June, 1971; *McCarty* was decided ten years later. The trial court was not required by law to value appellee's interest in appellant's retirement benefits as of the date of divorce, nor was the court required to apply the *Berry* formula to limit appellee's portion of benefits to those earned during marriage. *See Tyson v. Alexander*, 672 S.W.2d 624 (Tex.App.—Amarillo 1984, no writ); *Ex parte Deckard*, 656 S.W.2d 151 (Tex.App.—El Paso 1983, no writ); *Gaudion v. Gaudion*, 601 S.W.2d 805 (Tex. Civ.App.—Austin 1980, no writ), affirming awards similar to the award in the case at bar. Moreover, post-divorce increases in future payments of a husband's non-disability military retirement benefits do not constitute the separate property of the retired spouse, but rather, both parties will share in future "increases" and "decreases" in the retirement benefits. *Neese v. Neese*, 669 S.W.2d 388 (Tex.App.—Eastland 1984, writ ref'd n.r.e.).

This brings us to appellant's second point of error. Appellant argues that the "one-half interest in U.S. Army Reserve Retirement," described in the PSA, should be construed as awarding appellee one-half of her community property interest which appellant earned during marriage.

The crux of appellant's second point questions what exactly the divorce decree

divides; does it only divide community property, or does it also "wrongfully" award appellee a portion of appellant's separate property?

█ Although the portion of appellant's retirement benefits earned prior to marriage may have been appellant's separate property, at the time of the original trial proceedings, if he did not want those benefits to be considered community property upon divorce he had the burden at the time of divorce to rebut by satisfactory evidence the community property presumption. *Tarver v. Tarver*, 394 S.W.2d 780, 783 (Tex. 1965); TEX.FAM.CODE ANN. § 5.02 (Vernon 1970).

The *Gaudion* case is illustrative of appellant's burden in this case. In *Gaudion*, appellant was receiving retirement benefits when appellee filed the divorce suit. The court held that those benefits were presumptively community property since all property possessed by either spouse *at the dissolution of marriage* is presumed to be community property, citing TEX.FAM. CODE ANN. § 5.02. As in *Gaudion*, appellant here made no effort at the time of divorce to rebut the presumption of community regarding the entire amount of retirement benefits. *Gaudion*, 601 S.W.2d at 807. Accordingly, the district court did not err in treating the entire amount of retirement benefits as community and dividing the benefits in a manner that is deemed just and right and *agreed to* by both parties. TEX.FAM.CODE ANN. § 3.63 (Vernon 1975).

The Divorce Decree specifically provided that in the event appellee should not be able to collect her separate property one-half interest in the retirement, appellant had a duty to accept appellee's one-half interest in military benefits "in a fiduciary capacity." In such event that the "full amount of said retirement" was paid to appellant, appellant was to remit to appellee her one-half interest "of said retirement benefits." The decree did not reserve any separate interest in the retirement benefit outside the one-half full amount division to each party. The Divorce Decree clearly

ordered that the retirement benefits be divided in equal shares when received and it is now too late for appellant to claim a separate property interest in the benefits.

Appellant testified at trial that he was sufficiently knowledgeable about separate property and community property laws to represent himself, and claimed that he had no donative intent to give appellee any of his separate property. Appellant received full benefits for over two years without setting aside any amount on appellee's behalf; he claimed that he owed appellee *no* fiduciary duty, and had no bank or savings account set up for appellee's share of benefits. Appellant has shown no intention of setting aside any amount of benefits for appellee, in total disregard of the agreed divorce decree. Regardless of his intentions vis-a-vis his fiduciary duties, for reasons previously discussed, appellant's first and second points of error are overruled.

In his final point of error, appellant claims that appellee was not entitled to recover attorney's fees because "appellant had made a tender substantially in excess of the amount due during negotiations prior to suit being filed." [1] Appellant states that the amount due appellee, established by the "undisputed evidence" of her community share as of the time of divorce, was $60.41 per month.[2] He argues that "since the pre-suit offer was in excess of the amount due, no attorney's fees should have been awarded; or if they were awarded, they should have been limited to a reasonable amount for services prior to May 19, 1983" (the date appellant offered a "settlement").

■ As a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is ineffectual. *French v. May*, 484 S.W.2d 420, 426 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). It is not appellant's prerogative to determine on his own initiative what the "proper sum" might be. The amount appellant tendered into the court's registry on February 29, 1984, was not based on one-half of the value of his total retirement benefits, but was substantially less than the amount to which appellee was entitled under the divorce decree and PSA.

Appellant does not challenge the trial court's authority to award attorney's fees in cases involving enforcement of property settlement agreements. As we noted in *Chess v. Chess*, 627 S.W.2d 513, 575 (Tex. App.—Corpus Christi 1982, no writ), the property settlement agreement is accorded the same degree of finality as every other type of judgment and is binding on the parties thereto. As in *Chess*, appellant complains of the trial court's award of attorney's fees when the proper predicate had not been laid. However, as in *Chess*, the record here reflects that appellee pled for reasonable attorney's fees. Her attorney testified at trial and introduced evidence of the time she expended on this cause. Finally, appellant's attorney and another attorney testified to fair and reasonable attorney's fees in a suit of this nature in Nueces County, Texas, and that appellant's attorney's fees were fair and reasonable. Appellant's third point of error is overruled.

■ By way of cross-point appellee claims that the trial court erred in failing to award prejudgment interest on those benefits received by appellant and withheld from her. It is well-settled that prejudgment interest is recoverable as a matter of right where an ascertainable sum of money is determined to have been due and payable at a date certain prior to judgment. *Howze v. Surety Corp. of America*, 584 S.W.2d 263, 268 (Tex.1979); *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth*, 578 S.W.2d 109 (Tex. 1979). Appellee pled for prejudgment interest, and the record clearly establishes

---

1. Prior to trial, appellant tendered $1,500.00 to the trial court, asserting that was the computed amount effective for a Lt. Colonel's salary in June 1971, and owed to appellee.

2. Benefits valued at divorce were $273.79 according to appellant. Appellant claims the community percentage was 44%; and appellee's one-half was 22% of $273.79, or $60.24/mo., (miscalculated as $60.41).

that an ascertainable amount of appellant's retirement benefits was due and owing to appellee from December 1981 until the trial date. Appellee's cross-point is sustained.

The trial court judgment is AFFIRMED and MODIFIED to reflect an award of prejudgment interest on appellee's behalf in the amount of $1,479.90.

UTTER, J., not participating.