Douglas **MAY**, Appellant,

v.

Patricia **MAY**, Appellee.

No. 13–86–087–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

Christine Tharp, San Antonio, for appellant.

Stevan R. Stough, San Antonio, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a division of retirement benefits in a divorce action. In anticipation of their divorce, the parties entered into an agreement which disposed of many of the matters in controversy. The matters that were submitted to the trial court concerned the characterization and division of appellant's three retirement plans. This appeal concerns only the trial court's disposition of two of the plans.

Appellant's first two points of error and appellee's cross-point complain of the division of appellant's San Antonio Fire Department pension benefits. The third point of error concerns appellant's Air National Guard benefits.

The trial court divided appellant's accrued, non-vested, and unmatured civilian retirement benefits earned from the San Antonio Fire Department.[1] The trial court made the following findings of fact:

1. Parties were married on April 8, 1967.

\*   \*   \*   \*   \*   \*

12. Respondent began his employment with the City of San Antonio in June, 1969, and accumulated retirement credit continuously from that date through the date of trial.

13. Respondent [had] worked 15 years out of the 20 years which are required for the retirement to vest.

14. The number of months Respondent was married while accumulating credit towards City of San Antonio retirement, through trial, [equaled] 184 months.

15. That a certified actuary determining the present value of Respondent's Fireman Retirement was stipulated to and admitted into evidence without objection. If Respondent retired [at] the date of divorce his present monthly Accrued Pension Benefit would be $667.79.

16. The present value of Petitioner's community interest in Respondent's City of San Antonio Retirement plan is $25,-000. Said amount reflects the value of Petitioner's interest in Respondent's Fire Department Retirement plan projected upon contingencies and anticipated future value based upon historical inflation trends.

The trial court awarded appellee (the non-employee spouse) the following portion of appellant's benefits:

---

**1.** We use the term "accrued" benefits in the actuarial sense, meaning the specific dollar amount allotted to an employee at any given time under the pension plan. By "vested" benefits, we mean that the employee has an unconditional ownership interest in certain pension benefits. By "matured" benefits, we mean that the employee qualifies for immediate possession and enjoyment of the benefits. Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits In Divorce and Post-Judgment Partition Actions: Cures for the Inequities in Berry v. Berry,* 37 Baylor L.Rev. 106, 121–22 (1985).

$$\frac{1}{2} \times \frac{\text{months married in plan (184)}}{\text{months in plan at retirement}} \times \begin{array}{c}\text{amount of monthly} \\ \text{benefit employee} \\ \text{would be receiving} \\ \text{on date of divorce} \\ \text{whether eligible or} \\ \text{not (\$667.79)}\end{array} \times \begin{array}{c}100\% + \text{total per-} \\ \text{centage of cost of} \\ \text{living increases} \\ \text{granted by employ-} \\ \text{er from } 12\text{--}31\text{--}84 \\ \text{to retirement}\end{array}$$

An employee spouse's accrued benefits in a retirement plan which have been earned during marriage, but which have not vested and matured at the time of divorce, constitute a contingent interest in property and a community asset subject to division upon divorce. *Cearley v. Cearley*, 544 S.W.2d 661, 666 (Tex.1976); *Miser v. Miser*, 475 S.W.2d 597, 600 (Tex.Civ.App.—Dallas 1971, writ dism'd). Although this is a well-settled point in Texas law, uncertainty still exists as to the proper method of dividing future interests in retirement benefits.

Upon divorce, the non-employee spouse is entitled to a certain percentage (in this case, the trial court awarded one-half) of the community interest in the pension benefits. Unless the marriage spans the entire term of employment under the plan through to retirement, so that all benefits were earned during the marriage and are community property, an apportionment must be made between those benefits earned during marriage and those earned while not married, which are separate property. Once the community's fractional interest has been determined, the value of the benefits is multiplied by that fraction which yields the specific amount of the non-employee spouse's interest in the benefits. This method of division is reflected in the following formula:

$$\underbrace{\frac{1}{2}}_{\substack{\text{(Community} \\ \text{Share)}}} \times \underbrace{\frac{\text{no. months married under plan}}{\text{no. months employed under plan}}}_{\text{(Community Interest)}} \times \underbrace{\text{value}}_{\text{(Value)}} = \underbrace{\begin{array}{c}\text{amount of non-} \\ \text{employee spouse's} \\ \text{share}\end{array}}_{\text{(Amount of Share)}}$$

*See Division of Pension Benefits*, 37 Baylor L.Rev. at 136.

This relatively straight-forward equation is still the source of much confusion. The uncertainty has arisen in part because the denominator of the community interest fraction and the valuation element have not been consistently defined in case law. The "number of months employed under the plan" has been calculated at both the time of divorce and the time of retirement. The valuation variable has also been calculated for both the date of divorce and the date of retirement. The dates at which these two variables should be calculated is the central question to be determined in this case.

The leading cases in this area are *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977), which spoke to the apportionment element of the equation, and *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983), which primarily considered the valuation element. Each of these elements has been considered by the Supreme Court in relative isolation from one another. However, these two elements operate jointly in any division of retirement benefits. The interplay between these two variables is reflected in the instant case where the trial court apparently used a mixed formula for division by calculating the apportionment denominator from the date of retirement (*Taggart*) and the valuation element from the date of divorce (*Berry*).

Both parties agree that the trial court erred in this regard. Appellant argues in his first point of error that the trial court abused its discretion, as a matter of law, by calculating the denominator in the apportionment fraction as of the date of retirement instead of the date of divorce, there-

by divesting appellant of some of his separate property. By cross-point, appellee agrees that the trial court abused its discretion in calculating the apportionment fraction from the date of retirement instead of divorce. However, appellee contends that this miscalculation divests her of separate property by multiplying a continually reducing apportionment fraction by a value which already has been discounted back to the value of the benefits at the time of divorce. The trial court improperly calculated these two variables of the formula, and we find that this formula used by the trial court was incorrect. It worked to the detriment of the non-employee spouse.

*Taggart v. Taggart* involved the partition of military retirement benefits. The employee spouse began employment under the plan in 1943, married in 1947, completed twenty years of service and was eligible for retirement in 1964, divorced in 1968, and actually retired in 1974. The trial court had awarded the non-employee spouse "four-ninths *of all retirement pay,*" which the employee spouse had and would receive after retirement. (Emphasis added). Four-ninths represents one-half of the fractional amount of time the parties had been married and accumulating benefits over the employee spouse's years of service as of 1964, the date he was eligible to retire (three and one-half years before divorce). The trial court then applied this fraction to the value of the benefits as of the date of retirement.

The Supreme Court ruled the trial court had incorrectly computed the apportionment formula. 552 S.W.2d at 424. The Court reasoned that it was the employee spouse's thirty years of service (360 months) which entitled him to the benefits he received at retirement. The Court held that the correct calculation was "one-half of $^{246}/_{360}$th's of the retirement pay." Although the Court makes no specific mention of the value of the benefits, we can infer that it used the trial court's valuation date, retirement. *See Heisterberg v. Standridge,* 656 S.W.2d 138, 147 n. 4 (Tex. App.—Austin 1983, no writ). The *Taggart* formula can be expressed as:

$$\frac{1}{2} \times \frac{\text{no. months married under plan}}{\substack{\text{no. months employed under plan} \\ \text{as of the date of retirement}}} \times \substack{\text{value of} \\ \text{benefits as} \\ \text{of date of} \\ \text{retirement} } = \substack{\text{non-employee} \\ \text{spouse's} \\ \text{share}}$$

Apportionment (d/r)　　　　　　　　　Value (d/r)

Ten years after *Taggart,* the Supreme Court decided *Berry v. Berry.* That case involved the partition of civilian retirement benefits. The parties were married in 1939, before Mr. Berry became employed under the plan in 1940. The couple was divorced in 1966, while the benefits were still unmatured. Mr. Berry retired in 1978, after thirty-eight years of service, and began receiving retirement benefits.

The trial court awarded Mrs. Berry one-half of the benefits "as would have existed at the time of divorce." There was evidence that Mr. Berry actually received $946.34 per month in retirement benefits, but that had he been eligible to retire at the time of his divorce his monthly benefits would have amounted to $221.21. To reach the result it did, the trial court must have calculated the apportionment fraction as of the date of divorce. Thus, the equation would be:

$$\frac{1}{2} \times \frac{\text{no. years married under plan}}{\substack{\text{no. years employed under plan}\\\text{as of date of divorce}}} \times \substack{\text{value as of}\\\text{date of}\\\text{divorce}} = \substack{\text{Mrs. Berry's}\\\text{share}}$$

$$\frac{1}{2} \times \frac{26}{26} \times \$221.21 = \$110.60/\text{mo.}$$

The Court of Appeals reversed and applied the *Taggart* division forumula. It ruled that, since Mr. Berry had been employed thirty-eight years under the plan, the community's interest was $^{26}/_{38}$ or 34.21% "of all benefits received by Mr. Berry." The Court obviously valued the benefits as of date of retirement. Under the Court of Appeals' *Taggart* formula, Mrs. Berry would have been entitled to:

$$\frac{1}{2} \times \frac{26}{38} \times \$946.34 = \$323.74/\text{mo.}$$

In its opinion, the Supreme Court, for the first time, recognized that other factors affect the division of retirement benefits. The Court noted that, under this retirement plan, the "total length of service under the plan is used as a multiplier in order to reach the amount of benefits payable." Additionally, it noted that "the highest salary paid an employee over a consecutive sixty-month period" was another factor used in computing benefits under this plan. Mr. Berry's highest paid sixty months were in his last five post-divorce years. He had received twelve to fourteen pay raises after his divorce, and had benefited from an improved retirement plan due to union negotiations. To value the benefits as of the date of retirement would allow Mrs. Berry to share in the increases in benefits due to Mr. Berry's post-divorce earnings and efforts.

The Court pointed out that it had already held that retirement benefits should be valued as of the date of divorce. *Herring v. Blakeley*, 385 S.W.2d 843, 848 (Tex.1965). Then the Court quoted *In Re Marriage of Rister*, 512 S.W.2d 72, 74 (Tex.Civ.App.— Amarillo 1974, no writ), in which that court recognized that valuing benefits at the date of retirement would allow the non-employee spouse to receive benefits accruing to the employee spouse as a result of increased future earnings after the divorce.

This recognition points out a limitation of the *Taggart* formula. Valuing retirement benefits as of the date of retirement and then multiplying by half of the community's proportional share assumes that the community's interest in the benefits is equally earned during each month of employment, so that the non-employee spouse is entitled to a straight percentage of the whole benefit. *Heisterberg v. Standridge*, 656 S.W.2d at 145. Such was not the case in *Berry*, and is not the case in most, if not all, retirement plans.

The Supreme Court, in *Berry*, expressly declined to overrule *Taggart*. The Court cautioned that, while it "did apply a formula based on the number of months in which marriage coincided with employment, divided by the number of months Taggart was in the Navy," *Taggart* should not be read as ruling on the date at which benefits should be valued.[2]

In *Berry*, the Court held that when the value of benefits is in issue, the benefits are to be apportioned based on their value at the date of divorce. Although the Supreme Court did not overrule *Taggart*, nei-

---

**2.** One commentator has suggested that, in not overruling *Taggart*, the Court merely intended to "renew prior supreme court approval of apportionment as the preferred 'method' of dividing pension benefits ... [and] to reassure the continued viability of apportionment and the 'if, as, and when' method of distribution...." *Division of Pension Benefits* 37 Baylor L.Rev. at 144–45.

ther did it follow *Taggart,* on the facts of the case, and apply an apportionment formula dated at retirement to the value of the benefits as of the date of divorce. The *Berry* Court affirmed the trial court and awarded Mrs. Berry $110.60 of Mr. Berry's $946.34 monthly retirement payments. Had the Court applied a *Taggart* fraction to the *Berry* value, as did the trial court in the case at bar, Mrs. Berry only would have been entitled to:

$$\frac{1}{2} \quad \times \quad \frac{26}{38} \quad \times \quad \$221.21 \quad = \quad \$75.67/\text{mo.}$$

We view the present body of law to mean that the *Taggart* formula is applicable in cases where apportionment is the only issue. We perceive such cases to be those where the parties are divorced after the employee spouse has retired or terminated employment under the plan. *See Anderson v. Anderson,* 707 S.W.2d 166 (Tex.App.—Corpus Christi, 1986, writ ref'd n.r.e.); *Harrell v. Harrell,* 700 S.W.2d 645 (Tex. App.—Corpus Christi 1986, no writ); *Workings v. Workings,* 700 S.W.2d 251 (Tex. App.—Dallas 1985, no writ); *Neese v. Neese,* 669 S.W.2d 388 (Tex.App.—Eastland 1984, writ ref'd n.r.e.). In these instances, the concern is to shield the accrued benefits attributable to the employee spouse's premarriage earnings, if any, from the non–employee spouse. This is the function of the apportionment fraction. There is no danger that the non-employee spouse might reap some benefit from the employee spouse's post-divorce earnings because there are none.[3]

In any case where divorce occurs prior to the employee spouse's retirement or termination of employment (i.e., where the amount of retirement benefits could still be increased by future earnings), valuation necessarily becomes an issue in the division, and *Berry,* by its own terms, controls. When the employee spouse continues to accrue additional benefits under the plan because of continued employment, there is a danger that the non-employee spouse's share might comprise some of the value of the accrued benefits earned after divorce. *Berry* prohibits such a result. It requires the benefits be valued as of the date of divorce, not retirement.

Because the case at bar is one in which divorce occurred before retirement, *Berry* dictates that the benefits be valued as of the date of divorce. We hold that equity and the rule against divestiture of separate personal property dictate that the denominator of the apportionment fraction must be calculated from the date of divorce also. The trial court in this case ordered a division of benefits according to a formula which divides the benefits as valued at the date of divorce by an apportionment fraction calculated from the date of retirement. This mixture of the two formulas was error, because it divested the non-employee spouse of a portion of her separate property. *But see Dunn v. Dunn,* 703 S.W.2d 317 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Rankin v. Bateman,* 686 S.W.2d 707 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.).

The *Taggart* apportionment fraction is a reducing fraction in that the non-employee spouse's share reduces as the employee spouse continues employment under the plan after divorce. In *Taggart,* the non-employee spouse's share was determined by comparing the time married to the entire period of employment under the plan; yet, that ratio was applied against the value of the plan benefits which accumulated over the same period. In *Berry,* the value of the benefits was frozen at the date of

---

**3.** If one assumes that retirement benefits are not equally earned in each year of employment under a plan, one could logically argue that, in instances where the employee spouse was employed and accruing benefits under a plan for a significant period of time before marriage, a straight *Taggart* formula division might divest the employee spouse of separate property even if retirement occurs before divorce, unless the value of the benefits attributable to pre-marriage earnings is factored out of the division formula.

divorce, as was the non-employee's pro rata share. Accordingly, we hold that in cases such as this, where the *Berry* valuation is mandated, the denominator of the apportionment fraction must also be calculated as of the date of divorce.

In the instant case, the parties were married before appellant began employment under the plan. As of the date of divorce, appellant had worked 184 months under the plan while married; therefore, the apportionment fraction would be $^{184}/_{184}$. Appellant argues that, under the *Berry* formula, appellee's share of his retirement benefits should be:

$$\frac{1}{2} \quad \times \quad \frac{184}{184} \quad \times \quad . \$667.79 \quad = \quad \$333.89 \text{ (as, if, and when received)}$$

The value in this equation is based on Finding of Fact Number Fifteen in which the trial court found that, if appellant had retired at the date of divorce, the amount of his monthly benefit payment would be $667.79. At trial, the actuary testified as follows:

> MR. RESENDEZ: So typically what I am saying, Your Honor, is that if this person on a hypothetical basis continues to work and retires at 20 years and then is retired until death, he would receive $667.79 per month, which has a present value of $68,446.63. Her share would be equal to $251.76. This amount is roughly 37.7 percent of the $667.79.

In his second point of error, appellant complains of the fourth variable in the trial court's division formula which awarded appellee a portion of the total percentage of the cost of living increases granted by appellant's employer from the date of divorce to the date of retirement. Appellant argues the trial court abused its discretion in making this award, as it unlawfully divests him of separate property. We agree.

We find that this issue is again controlled by *Berry*. The Supreme Court stated, "we reject the concept of inflation as a factor for our consideration as it relates to the current value of retirement benefits." *Berry*, 647 S.W.2d at 947. Thus, *Berry* prohibits non-employee spouses from sharing in post-divorce increases in retirement benefits, as that would be a divestiture of separate property under *Cameron v. Cam-*

*eron,* 641 S.W.2d 210 (Tex.1982). *See also Heisterberg v. Standridge,* 656 S.W.2d at 146.

The case at bar is clearly distinguishable from *Neese v. Neese,* 669 S.W.2d 388, cited by appellee. In that case, the employee spouse was retired and receiving benefits when the parties divorced. The court in that case found that *Berry* was not controlling because all of the benefit increases were community property as there had been no post-divorce employment or accrual of benefits. Thus, both spouses were entitled to share in the increases and decreases in retirement benefits. This Court also reached the same holding based upon a similar fact situation in *Harrell v. Harrell,* 700 S.W.2d at 647–48.

▇ The employee spouse in the instant case did not retire before divorce; therefore, *Berry* prohibits the non-employee spouse, appellee, from sharing in any post-divorce increases in the value of appellant's retirement benefits.[4] The trial court erred in awarding appellee any portion of appellant's post-divorce cost of living increases.

▇ By his third point of error, appellant complains the trial court abused its discretion in mischaracterizing his separate property interest in his Air National Guard retirement benefits as community property, thereby divesting him of separate property.

The trial awarded appellant the Air National Guard retirement plan in its entirety. The trial court also modified the parties'

---

4. We are mindful that this rigid prohibition may deprive the non-employee spouse of increases he/she may fairly be entitled to, *see Division of Pension Benefits,* 37 Baylor L.Rev. at 152–64; however, *Berry* governs in this regard.

property settlement agreement by ordering appellant to pay appellee $5,164.00 from community property funds set aside to him in the agreement. Appellant claims the court awarded him his retirement benefits provided that he pay appellee this lump sum in return for exclusive rights in the plan.

Appellant complains that the trial court should have divided these benefits according to the *Berry* formula, instead of awarding appellee a lump sum. We find nothing in the record to reflect the present value of the total benefits under the plan.

TEX.FAM.CODE ANN. § 3.63(a) (Vernon Supp.1986) authorizes a trial court to divide the estate of the parties in a manner the trial court deems just and right. This trial court was well within its discretion to award appellant all of these benefits instead of dividing them. *See In re Marriage of Butler,* 543 S.W.2d 147, 150 (Tex. Civ.App.—Texarkana 1976, writ dism'd). It would also be in the trial court's discretion to order appellant to pay a lump sum to appellee in lieu of any interest she has in the benefits. The trial court has broad discretion in the division of property upon divorce, and this discretion will not be disturbed on appeal unless there is an abuse of discretion. *McKnight v. McKnight,* 543 S.W.2d 863, 866 (Tex.1976). Appellant's third point of error is overruled.

The judgment of the trial court is affirmed insofar as it awards appellant all the benefits from his Air National Guard plan and awards appellee the sum of $5,164.00.

The portion of the judgment which awards appellee an interest in post-divorce cost-of-living increases in appellant's San Antonio Fire Department retirement benefits is reversed. We here render judgment that appellee take none of these increases.

The portion of the judgment which awards appellee an interest in appellant's San Antonio Fire Department retirement benefits is also reversed. We sever and remand to the trial court with instructions to divide the benefits according to the *Berry* formula, with the denominator of the apportionment calculated as of the date of divorce and then multiplied by the value of the benefits as of the same date, whatever amount the trial court determines that value to be. TEX.R.CIV.P. 434.

AFFIRMED in part; REVERSED and RENDERED in part; and REVERSED and REMANDED in part.