**Adella M. MARTINEZ, Appellant,**

**v.**

**Raynaldo R. GUAJARDO, Appellee.**

**No. 14939.**

Court of Civil Appeals of Texas, San Antonio.

March 10, 1971.

Herrera, Rocha & Segura, San Antonio, for appellant.

Brock Huffman, Huffman, Rutherford & Rutherford, San Antonio, for appellee.

BARROW, Chief Justice.

Adella M. Martinez, formerly Adella M. Guajardo, and Raynaldo R. Guajardo were divorced in the 81st District Court of Wilson County, Texas, on April 8, 1968. On January 12, 1970, Raynaldo filed his petition in said cause to reduce the support provision of said decree and to reconsider a provision setting aside certain real estate for the use and benefit of Adella and the minor children born of said marriage until the youngest reached the age of 18 years. After a non-jury hearing, the trial court refused to reduce the child support, but modified the original decree by making said parties tenants in common as to said land and the premises located thereon.

Appellant urges by two assignments of error that the trial court erred in modifying the divorce decree in that such provision was a part of the property settlement agreement entered into by said parties in contemplation of divorce, which agreement was expressly approved and incorporated in the decree. It is urged that this agreement, like any other contract, could only be set aside for fraud, undue influence, or coercion. Appellee urges that the provision regarding use of the real estate should be considered as a part of the child support and thus subject to change and modification under Article 4639a, Vernon's Annotated Civil Statutes.

The evidence is largely undisputed. On April 8, 1968, the parties executed a property settlement agreement to become effec-

tive if a divorce was granted. There is no provision in said agreement relating to the amount of child support. Included therein is a provision setting aside to Adella out of the community estate, "for and during the period until the youngest living minor child has reached the age of eighteen (18) years for the use and benefit of herself and the living minor children, the homestead" as described therein. Both parties were to retain an undivided one-half interest in the property. The decree granted Raynaldo a divorce, gave Adella custody of the three minor children, and ordered Raynaldo to pay child support of $40.00 per month for each of said children until each reached 18 years of age. The decree expressly approved the property settlement agreement, which was filed in the papers and specifically decreed the various provisions of said agreement, including a setting aside for the use of Adella and said minor children of the described property until the youngest of said children reached 18 years. Raynaldo was ordered to keep up the payments on said property as well as paying insurance and taxes on said land while Adella and said minor children "are using same." The agreement and decree both provide that the property may be sold by mutual agreement or that Adella may bring a partition suit if she desires to sell same and Raynaldo refuses.

On October 25, 1968, Adella remarried to Victor Gonzales and lived with him until his death on February 5, 1969. A child was born of this marriage, and as a result thereof, she now receives a pension of $220.00 per month from the Veterans' Administration and $160.00 per month social security insurance. On March 5, 1970, Adella remarried to Florentino Martinez. She and all four minor children born to her, including the three Guajardo children, live with Martinez in Fort Worth, Texas. The Guajardo homestead has been vacant since her marriage in March except for some furniture which Adella has left stored in the house. She testified that she has no present intention of moving back into the house. She is unable to rent the house, since there is no water supply to it. The water supply had been furnished by Raynaldo's parents, but they quit after Adella remarried. In the meantime, the undisputed evidence shows that the house is badly in need of repair and is deteriorating.

This record fully supports a conclusion that it would be to the advantage of all to dispose of the house, rather than keep it vacant for fourteen years.[1] At a prior setting of the case, the parties agreed to sell the house; however, Adella changed her mind before the deal was consummated. Guajardo is in the service and is now stationed in North Carolina; however, he would be willing to buy the house because of its proximity to his parents' home.

The trial court made findings of fact wherein he construed this provision of the decree as granting Adella and the children contractual use of the premises as a home and found that by her actions in marrying Martinez and moving to Fort Worth, she abandoned any intention of so using the property. The court concluded that the facts justified a recision of the contractual provision with reference to her use of the homestead.

We must recognize, at the outset, that this was a petition filed in the original cause under Article 4639a to modify the support provisions of the divorce decree. It was not a suit to rescind a contractual agreement of the parties. While we recognize that the furnishing of a house could constitute a part of the support of minor children, it is clear from the agreement of the parties and the judgment incorporating same that the provision setting aside the premises for the use and benefit of Adella and the minor children is based entirely upon the terms of the property settlement

1. The youngest Guajardo child is four years of age.

agreement of the parties. The amount of child support was not even considered in the agreement. Therefore, the provision in question must be interpreted as if it were a contract between the parties and the interpretation thereof governed by the laws relating to contracts, rather than laws relating to judgments. Ex Parte Jones, 163 Tex. 513, 358 S.W.2d 370 (1962); Plumly v. Plumly, 210 S.W.2d 177 (Tex.Civ.App. —San Antonio 1948, writ dism'd). Article 4639a, grants the trial court the power and authority to alter or change the divorce decree insofar as the custody and support of minor children are concerned. It does not authorize the trial court to set aside the contractual agreements of the parties relating to other matters.

Raynaldo urges that the trial court's action is supported by the holding in Coleman v. Banks, 349 S.W.2d 737 (Tex.Civ.App.— Dallas 1961, writ ref'd n.r.e.). It is seen that this was an independent partition suit wherein the jury found that the wife had abandoned the contractual agreement entered into with the husband, wherein she had agreed to *occupy* the premises as her homestead as long as she had custody of the couple's minor children. It was not brought under Article 4639a, as in our case. Furthermore, there was no provision here requiring Adella to occupy the premises as a residence, rather it was granted for her "use and benefit." It could be reasonably construed that this grant was broader than one permitting the family to occupy the property. In any event, we express no opinion regarding a direct suit by Raynaldo seeking termination of the contractual agreement and a partition of the property.

The judgment of the trial court modifying the divorce decree to eliminate the provision setting aside the premises for the use and benefit of Adella and her said children is reversed and here rendered that appellee take nothing by this suit. The costs are taxed against appellee.