Lawrence Sheldon CHESS, Appellant,

v.

Lorraine CHESS, Appellee.

No. 2377.

Court of Appeals of Texas, Corpus Christi.

Jan. 14, 1982.

Earle S. Lilly, Houston, for appellant.
Ralph Balasco, Houston, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

This was a suit instituted by appellee, Lorraine Chess, against appellant, Lawrence Sheldon Chess, to enforce a property settlement, and child custody agreement which was approved by the original divorce court in the court's decree of divorce dated May 24, 1973. In the present case, trial was

had to the court sitting without a jury and the court entered judgment for the wife in the sum of $13,339.71 plus attorney's fees and court costs:

By the terms of the agreement, all income producing property was awarded appellant and appellee was awarded various items of property together with contractual alimony at the rate of $600.00/month for 120 months to be followed by payments of $250.00/month for an additional 24 months. Custody of the couple's minor child was awarded to appellee. There were no child support provisions although the agreement did require that appellee be responsible for "all necessities and support, including but not limited to educational expenses of said minor child," and that appellant carry the child's medical insurance.

Everything worked comparatively well under this agreement until April of 1979 when the mother found the child unmanagable and sent the child to reside with the father. In March of 1980, the child went to live with the paternal grandmother and continues to live there at this time with appellant reimbursing his mother at a rate of $50.00/week. It is uncontroverted that in November 1979 appellant discontinued paying the contractual alimony for which appellee now sues.

Appellant filed a general denial and a counterclaim alleging that appellee failed to supply "necessities" for their minor child. Appellant also pleaded for attorney's fees in bringing the counterclaim. Appellant's pleadings were not sworn to.

Appellant alleges the trial court erred in refusing to admit evidence on appellee's counterclaim. Appellant contends that by reason of appellee's alleged breach of the property settlement agreement, he was not obligated to pay the alimony set forth in such agreement. Appellant further alleges that under these facts and circumstances the trial court erred in awarding judgment to appellee for the full amount of the unpaid alimony.

■ Appellant approaches this matter as purely a contractual obligation. Appellant overlooks the fact that this property settlement agreement was approved by the court and as such became a valid and binding judgment of the court. No appeal was taken from this judgment. It is no longer merely a contract between appellant and appellee but upon approval by the court becomes the judgment of the court. As stated by the Supreme Court in *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956).

"The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties."

This is true whether or not the property settlement agreement is set forth in the decree itself or is merely referred to and approved by the trial court. It is accorded the same degree of finality as every other type of judgment and is binding upon the parties thereto. *McCray v. McCray*, 584 S.W.2d 279 (Tex.1979); *Francis v. Francis*, 412 S.W.2d 29 (Tex.1967).

■ The appellant by filing his counterclaim alleging the failure of appellee to provide necessities for their minor child, was in fact attempting to attack collaterally the prior judgment entered in this cause. No appeal was taken from the original judgment, nor bill of review filed. This attempt by appellant to attack collaterally the original judgment is not permitted.

In *Peddicord v. Peddicord*, 522 S.W.2d 266 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.) the husband and wife entered into a property settlement agreement, which was approved by the court and was incorporated into the judgment by reference. The husband failed to make the payments provided for in the property settlement agreement. The wife filed suit for the collection of the amounts due and owing. In answer to the action filed by the wife, the husband put up the contractual defense of lack of consideration; failure of consideration; duress in executing the agreement and lack of mental capacity to contract. In affirming the

trial court's granting a motion for summary judgment in favor of the wife, the Court stated:

"The trial court properly refused to allow defendant to interpose contractual defenses to the property settlement agreement which was incorporated into the divorce judgment. The settlement agreement became a part of the judgment of the trial court, and to allow defendant to raise contractual defenses would be to allow a collateral attack upon that judgment."

In the recent case of *Ex Parte Gorena*, 595 S.W.2d 841 (Tex.1979) the Supreme Court in reaffirming the opinion of the Beaumont Court of Appeals in *Peddicord v. Peddicord* stated:

"Thus, in suits to enforce agreed judgments, parties may not raise contractual defenses because such defenses constitute impermissible collateral attacks on the prior judgments. *Peddicord v. Peddicord, supra.*"

Under the authorities cited above we hold that the trial court did not err in refusing to consider appellant's contentions of the alleged breach of the property settlement agreement by appellee. The trial court did not err in refusing to allow appellant to present testimony concerning any offsets that appellant alleged in his counterclaim. It follows then that the trial court did not err in refusing to allow appellant to present testimony concerning his claim for attorney's fees.

Appellant further contends that there was no evidence or insufficient evidence to support the conclusion by the trial court that appellant was in default. In the case of a no evidence point, this Court must consider only the evidence and the inferences thereon tending to support the finding in question and disregard all evidence to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Salazar v. Hill*, 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). In considering factual insufficiency, the appellate court must weigh all of the evidence and set the judgment aside for a new trial if the verdict rendered is so against the great weight and preponderance of the evidence so as to be manifestly unjust. *In re King's Estate*, 244 S.W.2d 660 (Tex.1951). In the present case it is virtually undisputed that appellant ceased paying contractual alimony under the agreement in November of 1979. Upon direct examination appellee testified as follows:

"Q. I hand you what's been marked Plaintiff's Exhibit No. 4 and I'll ask you to tell the Court what that is.

A. These are my personal records of, of the alimony checks as I received them.

Q. And are they the same records that you were just referring to in your testimony?

A. Yes, sir.

Q. All right."

Such exhibit was admitted into evidence by the trial court. This record of appellant's alimony checks received by appellee amply support the trial court's finding of fact and conclusion of law that appellant was in default in the amount of $13,339.71. Appellant's no evidence and insufficient evidence points are therefore overruled.

Appellant's next point of error contends that the trial court did not dispose of all of the issues to wit, the counterclaim of the appellant. In this opinion we have previously stated that the counterclaim of appellant could not be raised in a suit to enforce an agreed judgment, as this would allow a collateral attack on a valid and binding judgment, which is not permissible. *Ex Parte Gorena, supra.* Appellant's point of error is overruled.

Appellant's final point of error complains of the trial court's award of attorney's fees to appellee when the proper predicate had not been laid. The record reflects that appellee pleaded for reasonable attorney's fees and that appellee's attorney testified at trial to his employment for this cause, the time expended and to what fair and reasonable attorney's fees would be in a suit of this nature in Harris County, Texas. Based on this evidence it cannot be held that the court erred in awarding attorney's

fees to appellee. Art. 2226, Tex.Rev.Civ. Stat.Ann. (Vernon Supp. 1980–81).

The sole issue which appellee bring forth on appeal is a request for a 10% penalty to be assessed against appellant based on a claim that appellant's appeal is frivolous in all respects and was brought only for purposes of delay and harassment. While this Court recognizes that there is precedent for such an award, *Beago v. Ceres*, 619 S.W.2d 293 (Tex.Civ.App.—Houston [1st District] 1981, no writ); *Hosey v. First National Bank of Goliad*, 595 S.W.2d 629 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd) we decline to impose any such award since the questions presented preclude any finding of a frivolous appeal on appellant's part. Further, the trial court set a substantial amount of attorney's fees to be paid by appellant in the event of appeal to this Court. *Atkinson v. Atkinson*, 560 S.W.2d 200 (Tex.Civ.App.—Amarillo 1977, no writ). While appellant does not complain of the amount assessed, we regard such amount to be a sufficient deterrent to appellant's bringing a frivolous appeal.

The judgment of the trial court is affirmed.