Theresa M. ROSE, Appellant,

v.

Roger J. ROSE, Appellee.

No. 04–88–00043–CV.

Court of Appeals of Texas,
San Antonio.

May 10, 1989.

James M. Pearl, Casseb, Strong & Pearl, San Antonio, for appellant.

Sam C. Bashara, H. Pamela Schoch, Law Office of Sam C. Bashara, San Antonio, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

This appeal follows a suit brought by appellant to partition military retirement benefits and for a declaratory judgment. In a non-jury trial, the issues presented to the trial court were: (1) were the military benefits of appellee treated as community property and partitioned in the 1973 divorce decree [1]; and (2) did the agreement to pay the sum of $48,885.00 in installments as provided in the divorce decree bear a judgment rate of interest from the date of the decree until paid. The trial court found that the 1973 divorce decree took into consideration appellee's future military retirement benefits and that the parties did not agree that appellee should pay interest. Therefore, the trial court entered a take-nothing judgment against appellant. Appellant advances thirteen points of error. We affirm the judgment of the trial court, the Honorable Rose [2] Spector presiding.

Appellant argues her first three points of error together. She contends that the trial court erred: in denying post-judgment interest to appellant; in holding that the property settlement agreement incorporated into the decree of divorce is controlled by the law of contracts and not the law of judgments; and in finding that appellee timely made all the payments necessary to retire the $48,885.00 awarded to appellant and that nothing else is due and owing by appellee to appellant by virtue of the parties' agreements or by virtue of the divorce decree.

The relevant section of the property settlement agreement and divorce decree states:

The court finds that the parties have acquired community property during their marriage and both parties have entered into an agreement for the equitable division of their community property and have asked the Court to approve said community property agreement.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the community property owned by the parties shall be divided as follows, to-wit:

1.) The parties own as community property the military retirement benefits of the Petitioner based upon twenty-one (21) years of military service of the Petitioner while married to the Respondent for nineteen (19) of said twenty-one (21) years. The parties agree and the Court, accordingly, finds that the Respondent's community interest in said military retirement bene-

---

**1.** In 1973, the subject of military retirement division on divorce was in a state of upheaval. There is now much more guidance for trial counsel in drafting such provisions.

**2.** Notwithstanding the number of Roses herein, thorny issues are presented.

fits is in the sum of FORTY EIGHT THOUSAND EIGHT HUNDRED EIGHTY FIVE and no/100 DOLLARS ($48,885.00).

We note that the above quoted portion of the decree does not mention the legal term of art, "judgment," and there is no specific mention of interest to be paid on the $48,885.00. On the other hand, the last page of the decree reveals that trial counsel (different from appellate counsel) specifically used the term "judgment" pertaining to attorney fees.

■ Appellant argues that the settlement agreement amounts to a judgment against appellee and, therefore, she is entitled to six percent per annum interest pursuant to TEX.REV.CIV.STAT.ANN. art. 5069–1.03 (Vernon 1987).[3] "Interest" is defined as "[T]he *compensation allowed by law for the use or forbearance or detention of money* ..." TEX.REV.CIV.STAT. ANN. art. 5069–1.01(a) (emphasis added). Therefore, we must determine whether the agreement amounts to a judgment against appellee and whether interest has any application in the agreement.

The record reflects that the $48,885.00 represents the appellant's community interest in appellee's future military retirement benefits, although the record does not show whether this amount had been discounted to a present value. Appellant understood that appellee was receiving monthly checks from the government. The decree was written such that appellee, upon receiving his government check, could forward appellant's share of the proceeds each month. The decree called for appellee to pay appellant $350.00 per month for two years and $300.00 per month thereafter for the life of appellee or until the full amount was paid. The agreement makes no mention of interest. The parties never discussed the payment of interest. The record further reflects that appellee never defaulted and made all payments necessary to retire the $48,885.00 owing to appellant.

Because appellee complied with the terms of the agreement and promptly forwarded to appellant her share of the retirement benefits each month, we cannot agree that appellee engaged in the use, forbearance, or detention of money due to appellant. Therefore, interest does not apply to this agreement. *See* TEX.REV.CIV.STAT. ANN. art. 5069–1.03.

■ We also agree with the trial court that the property settlement agreement is governed by the law of contracts and not by the law of judgments. *Allen v. Allen,* 717 S.W.2d 311, 313 (Tex.1986); *McGoodwin v. McGoodwin,* 671 S.W.2d 880, 882 (Tex.1984); *Martinez v. Guajardo,* 464 S.W.2d 944, 947 (Tex.Civ.App.—San Antonio 1971, no writ).

The property settlement agreement in this case was incorporated into the 1973 divorce decree. Had the parties intended the $48,885.00 to be a discounted present value on which interest was to run, they could have so agreed.

Appellant relies on *Chess v. Chess,* 627 S.W.2d 513 (Tex.App.—Corpus Christi 1982, no writ) to show that the law of judgments controls. *Chess* involved a suit to enforce a property settlement agreement. Contrary to the facts in this case, the former husband stopped making contractual alimony payments, and the former wife sought to enforce the provisions of that agreement. The ex-husband counterclaimed and argued that he was released from the obligations in the agreement, because his former spouse had breached the agreement by failing to provide necessities for their minor child.

The court noted that the husband treated the obligation in a purely contractual manner and overlooked the fact that the agreement was approved by the court and became a valid and binding judgment of the court. *Chess,* 627 S.W.2d at 515. The agreement is accorded the same degree of finality as every other type of judgment and is binding on the parties thereto. *Id.,* citing *McCray v. McCray,* 584 S.W.2d 279 (Tex.1979). The husband's counterclaim amounted to a collateral attack on the divorce decree and was, therefore, impermis-

---

**3.** All references to Texas Revised Civil Statutes are to Vernon 1987.

sible. *Id.* *Chess* does not disturb the *Allen* holding that the law of contracts governs an agreement incorporated into a divorce decree. Furthermore, *Chess* provides no support for the proposition that such an agreement is interest bearing. Had appellee not complied with the contractual agreement, appellant could have had a judgment bearing interest pursuant to § 3.74 of the Texas Family Code. Points one through three are overruled.

■ In points four through six, appellant argues that there is no evidence to support the trial court's findings that: appellant and/or her attorney concealed the fact that interest was expected from the $48,885.00; appellant is estopped from claiming interest on the $48,885.00; and appellant waived any right to claim interest on the $48,-885.00. In addressing a no evidence point, we consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

Appellee and appellant both testified unequivocally that they never discussed interest. Appellant had no knowledge of any communication by her trial attorney to appellee indicating that interest would be paid on the retirement benefits. Appellee stated that he had no discussions with anyone regarding payment of interest.

The only testimony remotely related to interest payments came from appellant, who testified that she sent her husband amortization tables. The presumption that a letter which is mailed was received arises only after proof has been made that the letter was properly addressed to the addressee, stamped with proper postage and mailed. *Terminix Int'l., Inc. v. Lucci,* 670 S.W.2d 657, 665 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

The record contains insufficient evidence to raise a presumption that appellant mailed the tables. In addition, appellee testified that he had no recollection of receiving amortization tables. Finally, appellee testified that he would not have entered into the agreement had there been an understanding he would have to pay interest. Points four through six are overruled.

Points seven through twelve address whether the military benefits were partitioned in the 1973 divorce decree. Specifically, appellant contends that there is no evidence to support the following findings by the trial court: that the property settlement agreement between the parties partitioned the military retirement benefits; that it was the intent of the parties to partition the military retirement benefits; that the decree of divorce partitions the military retirement benefits; that the parties agreed that appellant would receive the total sum of $48,885.00 as her total consideration for her community interest in the military retirement benefits; that the partition suit brought by appellant is an impermissible collateral attack on the 1973 decree of divorce and is barred by res judicata and/or collateral estoppel; and that the decree of divorce incorporated a property settlement agreement treating the military retirement benefits as part of the community estate of the parties.

■ The record shows that pursuant to the 1973 divorce decree, appellant and appellee entered into an agreement for the equitable division of their community property. Upon the parties' request, the court approved the agreement. The first item in the agreement was the military retirement benefits. According to the agreement, appellant and appellee understood that appellant's community interest in the benefits amounted to $48,885.00. Appellant and appellee agreed that appellee would pay appellant her share of the proceeds on a monthly basis. Appellee complied with the agreement.

The record supports the trial court's findings related to the partitioning of the military benefits. Appellant's points seven through twelve are overruled.

■ In her final point of error, appellant claims that the trial court erred in failing to award her attorney fees. Appellant claims that she is entitled to the fees pursuant to TEX.CIV.PRAC. & REM.CODE §§ 31.002(c) (collection of a judgment) & 38.001(8) (oral or written contract). The trial court's refusal to award attorney fees

is presumably based on appellant's failure to recover anything on her suit. The trial court has authority to deny attorney fees under the circumstances. *Dallas Power & Light Co. v. Loomis,* 672 S.W.2d 309, 312 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Appellant's thirteenth point of error is overruled.

The judgment of the trial court is affirmed.

CADENA, Chief Justice, dissenting in part.

The statute providing for interest on judgments is written in simple and unambiguous language, merely providing "judgments earn interest for the period beginning on the day the judgment is rendered and ending on the day the judgment is satisfied." TEX.REV.CIV.STAT.ANN. art. 5069–1.05 § 3(a) (Vernon Supp.1989). It is only by making a special effort that we can create a problem concerning the applicability of the statutory provision.

The fact that the property settlement agreement did not provide for payment of interest is, of course, of no significance. It is the judgment which earns interest. For example, there can be no doubt that a judgment awarding damages for personal injuries caused by defendant's negligence would earn interest. No one would contend, even in jest, that the judgment would not earn interest because of the lack of a contract requiring payment of interest on a judgment.

In this case, the $48,885.00 awarded to plaintiff was compensation, according to the agreement and the judgment, for Mrs. Rose's "community interest in [the] military retirement benefits...." Since she was giving up her community interest, the judgment ordered that she "have and recover of ... Roger J. Rose, the sum of ($48,885.00)." This is a judgment for a sum certain and the plain language of the statute requires that the judgment earn interest.