Aurora DE LOS SANTOS, Appellant,

v.

Arturo DE LOS SANTOS, Appellee.

No. 13-89-241-CV.

Court of Appeals of Texas,
Corpus Christi.

June 29, 1990.

Randell W. Friebele, Friebele & Mardis, Harlingen, for appellant.

Maria Estella Perez, Brownsville, for appellee.

Before BENAVIDES, SEERDEN and DORSEY, JJ.

OPINION

BENAVIDES, Justice.

Aurora De Los Santos appeals a judgment in favor of her ex-husband, Arturo De Los Santos, in which the trial court set

aside Arturo's conveyance of his undivided one-half interest in the marital homestead. We affirm the judgment of the trial court.

We first review the facts and proceedings leading up to this appeal. Aurora and Arturo were divorced on May 26, 1981. Pursuant to the Divorce Decree, Arturo was to pay $200 a month in child support. Pursuant to a separate Agreement Incident to Divorce, Aurora was to have possession of the house, but Aurora and Arturo were to remain tenants-in-common of the community homestead until their minor child reached eighteen, after which the house was to be sold and the net proceeds to be divided equally.

Three years after the divorce, on July 6, 1984, Aurora filed a "Motion to Modify in Suit Affecting Child–Parent Relationship." Pursuant to this motion, Aurora sought only to have the divorce decree modified to increase child support payments from $200 a month to $500 a month. Subsequently, on December 14, Aurora and Arturo executed an agreed order to modify in which Arturo was to continue paying $200 a month in child support and transfer his undivided one-half interest in the homestead to Aurora.

In December, 1986, two years after the agreed order was signed and five years after the divorce decree was signed, and after Aurora sought another increase in child support, Arturo filed a motion for clarification of the agreed order, claiming that the transfer of his undivided one-half interest in the homestead was in lieu of any increase in child support payments. In the alternative, Arturo requested that the court void, nullify and annul the prior order and increase the child support payments in an amount specified by the court.

The court held a hearing on this motion after which it sent a letter to the parties containing findings of fact and conclusions of law. It then entered a judgment which included findings of fact and which ordered Aurora to reconvey one-half the homestead to Arturo.

By her only point of error, Aurora challenges the authority of the court to set aside Arturo's conveyance of his undivided one-half interest in the marital homestead, contending that to do so constituted error. She does not challenge the findings of the trial court. When findings of fact are filed and are unchallenged, they occupy the same position and are entitled to the same weight as the verdict of a jury. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986). Findings of fact which are unchallenged are binding on the appellate court. *Katz v. Rodriguez*, 563 S.W.2d 627, 630–31 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The unchallenged findings of fact establish the following. The parties attempted to enter into a contractual agreement to modify child support without court approval. The prior transfer of property constituted a transfer for child support and not a change in property division and the parties could not alter the terms of the child support in such a manner. The court further found that the conveyance of the property was invalid, null and void and that the parties were to remain as tenants-in-common and assume their respective obligations regarding the property pursuant to the divorce decree.

Under these findings, the trial court was justified in reversing the prior agreement to transfer the one-half interest in the residence. Any unchallenged finding of fact which will support the judgment will preclude a reversal of the case. *U.S. Pipeline Corp. v. Kinder*, 609 S.W.2d 837, 841 (Tex.Civ.App.—Fort Worth 1980, writ ref'd n.r.e.); *see also One 1984 Ford v. State*, 698 S.W.2d 279, 284 (Tex.App.—Fort Worth 1985, no writ); *City of Corpus Christi v. Davis*, 575 S.W.2d 46, 55 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Not only is the trial court's judgment supported by the findings and not reversible, it is also supported by case law. A trial court does not have the authority to modify the child support provisions of a divorce decree by altering the provisions of a separate but expressly approved and incorporated property agreement which sets aside certain real estate for the use and benefit of wife and minor children; such a

modification is reversible. *Martinez v. Guajardo*, 464 S.W.2d 944, 946–47 (Tex.Civ. App.—San Antonio 1971, no writ). Additionally, an agreement to forebear from seeking child support in exchange for title to a residence is an unenforceable contract. *Galaznik v. Galaznik*, 685 S.W.2d 379, 383 (Tex.App.—San Antonio 1984, no writ).[1] Accordingly, we overrule Aurora's point of error.

The judgment of the trial court is AFFIRMED.

---

1. Aurora argues that the trial court is without authority to modify a division of marital property after the divorce decree becomes final. She contends that the trial court did not have jurisdiction to set aside Arturo's initial conveyance. The authority which she cites would have supported her position had Arturo's initial conveyance been part of the original divorce decree. The initial conveyance, however, occurred after the divorce decree was final. The cases Aurora cites support the proposition that the initial conveyance by Arturo was an invalid post-divorce modification of the property division. *McGehee*

*v. Epley*, 661 S.W.2d 924 (Tex.1983); *McEntire v. McEntire*, 706 S.W.2d 347 (Tex.App.—San Antonio 1986, writ dism'd); *Sanchez v. Sanchez*, 609 S.W.2d 307 (Tex.Civ.App.—El Paso 1980, no writ); *Martinez v. Guajardo*, 464 S.W.2d 944 (Tex.Civ.App.—San Antonio 1971, no writ). Further, had the court found that the initial conveyance was a modification of the property division instead of an attempt to modify child support, these cases would have supported the judgment of the trial court invalidating that original conveyance.