08-17-00163-CV

ACCEPTED
08-17-00163-CV
EIGHTH COURT OF APPEALS
EL PASO, TEXAS
5/25/2018 12:08 PM
DENISE PACHECO
CLERK

# IN THE COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS

FILED IN
8th COURT OF APPEALS
EL PASO, TEXAS
5/25/2018 12:08:59 PM
DENISE PACHECO
Clerk

## NO.  08-17-00163-CV

### MARTHA A. DELGADO
Appellant,

### V.

### JOSE LUIS DELGADO

Appellee

388th Judicial District Court of El Paso County, Texas

## RESPONSE BRIEF

MARIO A. GONZALEZ
Counsel for Jose Luis Delgado
State Bar No. 08130710
1522 Montana Avenue
El Paso, TX 79902
Tel: (915) 543-9802
Fax: (915) 533-0588

mario@gonzalezlawfirm.com

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i, ii

INDEX OF AUTHORITIES.........................................................................................iii, iv

RESPONSE POINTS ........................................................................................................v

STATEMENT OF FACTS.................................................................................................1

ARGUMENT.....................................................................................................................4

1. The trial court did not abuse its discretion by dividing the community property of the marital estate in the 'just and right" manner set forth in the Texas Family Code §7.001 because it had sufficient information upon which to exercise its discretion...........................................................................................................4

2. The trial court did not abuse its discretion by dividing the community property of the marital estate in a way that was manifestly unjust .................................................................................................10

3. The Court properly characterized the cars as being a community debt but was under no obligation to characterize these gifts to the children of the parties as community assets ..........................................................................10

4. The Court did not abuse its discretion in its division of the property since the law allows the trial court great altitude in dividing the estate and is not proscribed from granting a money judgement secured by an owelty lien ..........................................................................12

5. The Court did not abuse its discretion by rendering a money judgement and specifying the method of payment pursuant to its authority under Tex. Fam. Code § 7.001 ........................................................................13

PRAYER...........................................................................................................................15

CERTIFICATE OF COMPLIANCE................................................................16

CERTIFICATE OF SERVICE................................................................16

# INDEX OF AUTHORITIES

**<u>STATE CASES</u>**                                          **<u>PAGES</u>**

*Bell v. Campbell*, 328 S.W.3d 618, 620 (Tex. App.—El Paso 2010, no pet.) …..5, 6

*Burney v. Burney,* 225 S.W.3d 208, 215 (Tex.App.-El Paso 2006, no pet.) ……...5

*Chafino v. Chafino*, 228 S.W.3d 467, 473 (Tex. App.-El Paso 2007, no pet.) ……5

*Cockerham v. Cockerham,* 527 S.W.2d 162, 171 (Tex.1975) …………………....10

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986) ………………..5

*Fiduciary Mortgage Co. v. City Nat'l Bank*, 762 S.W.2d 196, 204 (Tex. App. – Dallas 1988, writ denied) ……………………………………………..…..4

*Garcia v. Garcia,* 170 S.W.3d 644, 648 (Tex. App.-El Paso 2005, no pet.) ………5

*Handley v. Handley* (App. 13 Dist. 2003) 122 S.W.3d 904 ………………………...11

Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923) …………………………..5

*In Re marriage of Jackson*, 506 S.W.2d 261at 266 ………………………………12

*Jones v. Jones,* 890 S.W.2d 471, 475 (Tex.App.—Corpus Christi 1994, writ denied) …………………………………………………………………....11

*Kimsey v. Kimsey,* 965 S.W.2d 690, 702 (Tex. App.—El Paso 1998, pet. denied) …………………………………………………………………10

*Morris v. Morris*, 894 S.W.2d 859, 863 (Tex.App.—Fort Worth 1995, no writ) …………………………………………………………………10

*Mozisek v. Mozisek*, 365 S.W.2d 669 (Tex.Civ.App.-Fort Worth 1963, writ dism'd) ...................................................................................12

*Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981) ......6
*Point Lookout West, Inc. v. Whorton* 742 S.W.2d 277, 278 (Tex.1987) ............4

*Powell v. Powell* (App. 1 Dist. 1991) 822 S.W.2d 181 ...........................11

*Roberson v. Roberson*, 420 S.W.2d 495 (Tex. Civ. App.-Houston (14th Dist.) 1967, writ ref'd n. r. e.) ....................................................12

*Rose v. Rose*, 770 S.W.2d 938, 939–40 (Tex. App. 1989) .........................13

## **RULES**

TEX. FAM. CODE § 7.001 .................................................................4, 12, 13

TEX. FAM. CODE § 3.003.................................................................10

TEX. FIN. CODE §304.001 ...............................................................13

TEX. R. CIV. PROC. 296......................................................................4

TEX. R. CIV. PROC. 297......................................................................4

# RESPONSE POINTS

1. The trial court did not abuse its discretion by dividing the community property of the marital estate in the 'just and right" manner set forth in the Texas Family Code §7.001 because it had sufficient information upon which to exercise its discretion.

2. The trial court did not abuse its discretion by dividing the community property of the material estate in a way that was manifestly unjust.

3. The Court properly characterized the cars at being a community debt but was under no obligation to characterize these gifts to the children as community assets.

4. The Court did not abuse its discretion in its division of the property since the law allows the trial court great altitude in dividing the state.

5. The Court did not abuse its discretion by specifying a "zero interest" in the money judgment awarded to Appellant, since it is presumed the Court considered the present value of the payment in exercising its just and right powers.

## STATEMENT OF FACTS

In addition to the facts presented by the Appellant, the following facts were also adduced at trial:

The evidence established that there were four children born of the marriage of Petitioner/Appellee, Jose Delgado and Respondent/Appellant, Martha Delgado, and they were all adults. 2 RR 6. During the course of the marriage of the parties, Jose Delgado has always worked and paid all the bills of the marital home and was still partially supporting the adult children. Jose Delgado was paying the Mercedes 2012 driven by Jose Delgado, Jr. at $412.00 per month and was on the note for the Hyundai Genesis automobile belonging to his son Brandon Delgado at a rate of $242.00 per month. It was undisputed that both the vehicles were purchased by the community and gifted to the children of the marriage. 2RR 8-11, 3 RR 35-36.

The parties purchased the marital home located at 12303 Carlos Bombach, El Paso, Texas during the curse of the marriage as well as the furniture in the home - all paid by Jose Delgado 2 RR. 12-13. It was also undisputed that Martha Delgado worked, sometimes for cash and sometimes at jobs earning between $10.00 and $10.38 per hour. 2 RR 17; 3 RR 9-10. In addition, Martha Delgado testified that she also worked for $1200.00 per month plus room and board for taking care of her granddaughter. 2 RR 37-38. Despite earning almost as much money as Jose Delgado, Martha Delgado never contributed to paying the household expenses. 2

1

RR 33. Testimony also established that during the course of the marriage, Jose Delgado cleaned the marital home about 40 percent of time, and the adult children sometimes cleaned their room establishing that the household duties were almost evenly divided between the parties. 2 RR 35-36.

The trial testimony established that the marital home was worth between $80,000.00 and $90,000.00 dollars even though the CAD had it valued at $94,000.00. 2 RR 12, 29. The testimony of Martha Delgado also established that the only personal property she wanted from the marriage was a small couch, some decorations, frames, her clothing and a Christmas tree. 3 RR 18. These items were awarded to her by the Court. CR 44, 67-68.

It was also established at trial that the cause of the separation and divorce of the parties was occasioned by Martha Delgado's infidelity, which she admitted to her son Jose Delgado Jr. 3 RR 29-31. Martha Delgado left the marital home in 2015 (a period of approximately 2 years by the time the case was heard) and had not contributed to the family household expenses despite the fact that Brandon Delgado, her son, was only 17 and living with Jose Delgado, his father, in the marital home. 3 RR 25, 38. Ms. Delgado was asked, " Ma'am. It took you almost a year before you had any contact with the children after you left, correct?" Ms. Delgado replied that she was unsure of how long she had not had contact with her children after she left the marital home. 3 RR 26.

2

The evidence regarding Jose Delgado's 401k account established the it was worth between $9,000.00 - $10,000.00 but had a loan taken against it in the amount of $7,000.00 to pay for household expenses and expenses associated with the costs of the divorce. 2 RR 30-31; 3 RR 36. Therefore, the net value of the 401k was between $2,000.00 and $3,000.00 at the time of the divorce.

The parties disputed what the credit cards which Martha Delgado took out were used for, but it was undisputed that none of those debts had been paid for at least two years and Martha Delgado had no intention of paying them and were probably in collections. 2 RR 41-42; 3 RR 14.

The trial court awarded each of the parties their own debts and further awarded Mr. Delgado the $17,000.00 debt on his son's 2012 Mercedes automobile and the debt on his sons 2014 Hyundai Genesis. He was also awarded the marital home but was ordered to pay Martha Delgado $34,000.00 as her share in 136 equal monthly payments of $250.00 CR 44, 70-71.

3

## ARGUMENT

**1. The trial court did not abuse its discretion by dividing the community property of the marital estate in the 'just and right" manner set forth in the Texas Family Code §7.001 because it had sufficient information upon which to exercise its discretion.**

### a. Applicable Law

When a party appeals from a nonjury trial, it must complain of specific findings and conclusions of the trial court, because a general complaint against the trial court's judgment does not present a justiciable question. *Fiduciary Mortgage Co. v. City Nat'l Bank,* 762 S.W.2d 196, 204 (Tex. App.-Dallas 1988, writ denied). Accordingly, findings of fact and conclusions of law are mandatory for a party to file to avoid the onerous presumptions that apply in an appeal from a nonjury trial. When an appellant does not request or file findings and conclusions by the trial court, the appellate court presumes the trial court found all fact questions in support of its judgment, and the reviewing court must affirm that judgment on any legal theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987). Tex. R. Civ. Proc. 296, 297.

The Court's authority to decide the division of the marital estate is derived from TEX. FAM. CODE ANN. §7.001, which establishes that, "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." The trial court has wide discretion in

4

dividing the estate of the parties and that division should be corrected on appeal only when an abuse of discretion has been shown. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923). A reviewing court's duty is to presume that the trial court properly exercised its discretion in dividing the estate. *Burney v. Burney*, 225 S.W.3d 208, 215 (Tex.App.-El Paso 2006, no pet.). Therefore, the burden of demonstrating that the trial court's division was an abuse of discretion belongs to the party challenging the division. *Chafino v. Chafino*, 228 S.W.3d 467, 473 (Tex. App.-El Paso 2007, no pet.)

"Most of the appealable issues in a family law case are evaluated against an abuse of discretion standard, be it the issue of property division incident to divorce or partition, conservatorship, visitation, or child support." *Garcia v. Garcia*, 170 S.W.3d 644, 648 (Tex. App.-El Paso 2005, no pet.). An abuse of discretion is not determined according to whether the reviewing court would have decided the issues in the same way as the trial court, but whether the trial court acted without reference to any guiding rules and principles. Id. at 649 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)). "If some evidence of a substantive and probative character exists to support the trial court's decision, no abuse of discretion has occurred." *Bell v. Campbell*, 328 S.W.3d 618, 620 (Tex. App.—El Paso 2010, no pet.)

The trial court in a divorce case has the opportunity to observe the parties on the witness stand, determine their credibility, evaluate their needs and potentials, both social and economic. As the trier of fact, the court is empowered to use its legal knowledge and its human understanding and experience. Although many divorce cases have similarities, no two of them are exactly alike. Mathematical precision in dividing property in a divorce is usually not possible. Wide latitude and discretion rests in these trial courts and that discretion should only be disturbed in the case of clear abuse. *Murff v. Murff*, 615 S.W.2d 696, 700 (Tex. 1981). The trial court is always in the best position to observe the demeanor and personalities of the witness and able to "'feel' the forces, powers, and influences that cannot be discerned by merely reading the record." *Bell*, 328 S.W.3rd at 620.

b. Legal Analysis

The trial court properly evaluated the value of the parties' property and liabilities with the evidence that was before the court. The undisputed evidence provided to the court was that the marital home located at 12303 Carlos Bombach, El Paso, Texas had a fair market value of between $80,000.00 to $90,000.00 even though the tax appraisal district had it listed at $94,000.00. Based on the evidence provided, the court could have found that this particular asset was worth $80,000.00. The testimony also established that between $8,000.00 and $9,000.00 dollars were still owed on the principal of the mortgage loan for the home. It is common

6

knowledge and a generally accepted rule of thumb that in selling a home approximately 10 percent of the sales price will be spent on real estate commissions and closing costs. Therefore, the Court could have properly calculated that the net value of the marital home was $72,000.00 minus $9,000.00 owed on the mortgage or $63,000.00. The Court properly awarded the house to Appellee while providing for payment of $34,000.00 to Appellant secured by a lien on the realty.

Evidence adduced at trial further established that there were 3 motor vehicles which are properly characterized as liabilities of the community estate. It was also established that there was a $17,000.00 debt on the car that was gifted to the older son Jose Delgado Jr., and undetermined recurring debt in the amount of $242.00 per month for the vehicle gifted to the youngest son Brandon. The third vehicle was a 2012 Honda Pilot which Martha Delgado purchased and drove. There was testimony that Jose Delgado drove a 2009 Honda Accord that was paid for. It is common knowledge that motor vehicles are depreciating assets and that the rate of depreciation quickly outstrips the amount owed under conventional financing. Therefore, the Court could have properly concluded that the two motor vehicles that belonged to the marital estate were not assets.

In this property division the Court awarded the debt of both the 2012 Mercedes which was at about $17,000.00 and of the 2014 Honda Genesis to Jose Delgado while awarding both the 2012 Honda Pilot and the debt to Martha Delgado.

7

Appellant seems to complain that the Court abused its discretion by awarding the debt on the cars gifted to the children of the marriage to Jose Delgado. The Court certainly had a basis for awarding the debt since it was uncontroverted that Jose Delgado had made himself liable on the debt by co-signing the loans. The Court certainly understood that the monthly payment on the Mercedes Loan as $412 per month and the payment for the Genesis was $242.00 per month. While Mrs. Delgado failed to testify as to what debt or payments were owed on the 2012 Honda Pilot she possessed. The Court could reasonably concluded that there was no debt owed on the 2012 Honda Pilot or that it was certainly far less than the vehicle debts awarded to Jose Delgado.

The amount owed on the Credit Card accounts which Martha Delgad testified about was only known to her, the account holder, and she failed to put any evidence regarding same. What is relevant, is that she testified that she had not made any payments on such credit card accounts for at least two years and they were already in collection. Therefore, the Court could have properly made a determination that the amounts owed would remain unpaid and awarded the debts to the person who incurred such debt. The Court certainly is not charged with divining the motives of individuals to determine which debt will or will not be paid, it merely needs to divide the assets and liabilities based on the evidence presented.

Finally, the Court could have properly concluded that the present value of the

401k was $2,000.00 when dividing the marital estate. The Court's award of the 401k and the house to Appellee in light of the debt awarded to him, actually works out in Martha Delgado's favor.

It is not up to the Court to force parties to present evidence, this responsibility falls squarely on the litigants, but Appellant seems to complain about her own failure to present evidence.

Appellant argues that the Court did not have sufficient information to divide the assets and liabilities of the community estate and therefore is an abuse of discretion. Because the appellant didn't obtain any findings of fact and conclusions of law, Appellant's argument should more properly be characterized as a "no evidence" point." Here there is an abundance of evidence from which the court could have made the division it did. For example, taking the Appellant's argument that the present value of the $34,000.00 judgment awarded to appellant in the partition of the marital home is $25,893.79, one can also conclude that based on the net equity value of the home of $63,000.00, that Appellee received $37,106.21, an $11,212.42 difference. However, when we add to Appellee the $2,000.00 value of the 401k but subtract the $17,000.00 Mercedes debt, his award of marital assets is $22,106.21. This represents a division of assets 54% to 46% in favor of appellant. While it is true that Martha Delgado did not testify as to what amount was owed on the 2012 Honda Pilot that she bought, drove and kept, and the only evidence

regarding the Hyundai Genesis that was gifted to Brandon Delgado was that the monthly payment was $242.00, the court could have properly concluded that Ms. Delgado owed a *de minimus* amount on the automobile or would have otherwise said so. The Court could have also concluded that Mr. Delgado wished to assume the liability on the Hyundai Genesis based on the testimony presnted.

Appellants real complain is that she failed to obtain findings of fact and conclusions of law and now wants to force this Court to second guess the trial court.

**2. The trial court did not abuse its discretion by dividing the community property of the marital estate in a way that was manifestly unjust.**

For the foregoing reasons stated in point one, it is clear that the division of the marital estate was not manifestly unjust.

**3. The Court properly characterized the cars as being a community debt but was under no obligation to characterize these gifts to the children of the parties, as community assets.**

The well-settled law in Texas is that all property on hand at the dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a)(Vernon 1998); *Kimsey v. Kimsey,* 965 S.W.2d 690, 702 (Tex. App.—El Paso 1998, pet. denied). It is well established that debts contracted during the marriage are presumed to be on the credit of the community and thus are community obligations, unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse for satisfaction. *Id., citing Cockerham v. Cockerham,* 527 S.W.2d 162, 171 (Tex.1975); *Morris v. Morris,* 894 S.W.2d 859, 863

10

(Tex.App.—Fort Worth 1995, no writ); and *Jones v. Jones,* 890 S.W.2d 471, 475 (Tex.App.—Corpus Christi 1994, writ denied). In the instant case, the parties testified as to the purchase of the three motor vehicles in question occurring during the marriage and are properly characterized as community debts. It was also undisputed the 2012 Mercedes was gifted to the oldest son Jose Delgado, Jr. and that the 2014 Hyundai Genesis was gifted to the second son, Brandon Delgado. The remaining 2012 Honda Pilot was driven, kept and paid for by Martha Delgado.

"Gift" is transfer of property made voluntarily and gratuitously. *Powell v. Powell,* (App. 1 Dist. 1991) 822 S.W.2d 181, writ denied, rehearing of writ of error overruled. Even though the liability on the motor vehicles belonged to the community, the motor vehicles gifted to the children did not. Once the gift was made to the adult children it became their separate property. Trial court's exclusion of value of vehicle in division of community property was not an abuse of discretion in divorce proceeding; although former wife testified that they sold vehicle to wife's daughter for $1,000 before parties' separation, husband testified that he was not sure if vehicle was sold, and court may have believed wife's testimony and properly excluded value of vehicle from community estate. *Handley v. Handley* (App. 13 Dist. 2003) 122 S.W.3d 904.

Therefore, the Court divided the two motor vehicles remaining in the community estate by awarding the 2009 Honda Accord to Jose Delgado and the 2012 Honda

11

Pilot, to Martha Delgado.

**4. The Court did not abuse its discretion in its division of the property since the law allows the trial court great latitude in dividing the estate and is not proscribed from granting a money judgement secured by an owelty lien.**

TEX. FAM. CODE ANN. §7.001, establishes that, "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." The rest of the Texas Family Code is devoid of any section ordering that the marital home be sold in order to effectuate a division of community property. This is summed up in the case *In Re marriage of Jackson*, 506 S.W.2d 261 at 266 where the court writes, "We find no requirement that in divorce cases the court is obligated to divide the property 'in kind,' the only requirement being a division in such a way as may seem just and right, and the court may be justified in dividing property in a manner other than 'in kind' when due consideration is given to such matters as the nature and type of particular property involved and the relative conditions, circumstances, capabilities and experience of the parties. See Roberson v. Roberson, 420 S.W.2d 495 (Tex.Civ.App.-Houston (14th Dist.) 1967, writ ref'd n. r. e.); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.-Fort Worth 1963, writ dism'd). Since there is only one piece of reality that was divided in this divorce, the Court could have either had it sold to

12

third parties or award one party the property and the other a money judgment –

clearly the Court's decision avoided fractionalizing an item of the estate.

**5. The Court did not abuse its discretion by rendering a money judgement and specifying the method of payment pursuant to its authority under Tex. Fam. Code § 7.001.**

Appellee urges the Court to consider whether adding post-judgment interest

under the Texas. Fin. Code §304.001 et seq, to a payment scheme determined by the

Court to be right and just, creates a conflict with Tex. Fam. Code Ann. §7.001. In

the instant case the rendered judgment of the Court states that Appellee/Petitioner is

to pay Appellant/Respondent $34,000.00 in 136 monthly payments of $250.00. It is

clear the Court was exercising its authority under the Tex. Family Code when

crafting the payment schedule. To impose interest payments above and beyond the

amounts ordered by the Court creates an inequity that the Court did not order.

In *Rose v. Rose*, 770 S.W.2d 938, 939–40 (Tex. App. 1989), the Court considered

this same question and looked to the divorce decree and noted as follows:

> "The relevant section of the property settlement agreement and
>
> divorce decree states:
>
> The court finds that the parties have acquired community property
>
> during their marriage and both parties have entered into an agreement

for the equitable division of their community property and have asked the Court to approve said community property agreement.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the Court that the community property owned by the parties shall be divided as follows, to-wit:

1.) The parties own as community property the military retirement benefits of the Petitioner based upon twenty-one (21) years of military service of the Petitioner while married to the Respondent for nineteen (19) of said twenty-one (21) years. The parties agree and the Court, accordingly, finds that the Respondent's community interest in said military retirement benefits is in the sum of FORTY EIGHT THOUSAND EIGHT HUNDRED EIGHTY FIVE and no/100 DOLLARS ($48,885.00)."

Thereafter, the *Rose* Court agreed with the trial court and did not order that post-judgment interest should be added to the trial court's judgment. Appellee urges the Court to not adopt a construct which would require family law trial judges to work backwards in calculating money awards in the division of community property in order to contend with an ever changing post judgment interest rate.

14

## PRAYER

Wherefore, premises considered, Appellee/Petitioner, Jose Delgado, respectfully prays the Court will affirm the judgment of the trial court.

Respectfully submitted

/s/ *Mario A. Gonzalez*
MARIO A. GONZALEZ
Counsel for Appellee
TBN 08130710
1522 Montana Ave., Suite 100
El Paso, Texas 79902
Tel. (915) 543-9802
Fax. (915) 543-9802

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

This brief filed in support of thereof comply with the type-volume limitations of 9.4. The brief contains 3,496.00 words, excluding the parts of the brief exempted by 9.4(1); and this brief complies with the typeface requirements of 9.4(e) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point.

/s/  Mario A. Gonzalez
MARIO A. GONZALEZ

## CERTIFICATE OF SERVICE

This is to certify that on May 24 2018, of the foregoing was served on James D. Lucas by electronic means at jlucas2@elp.rr.com.

/s/  Mario A. Gonzalez
MARIO A. GONZALEZ